# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Civil No. 12-MC-0009 (PJS/JJG) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| PricewaterhouseCoopers, LLP, | |
| Respondent. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on the United States of America's Petition to Enforce IRS Summonses Issued to PricewaterhouseCoopers, LLP (ECF No. 1). PricewaterhouseCoopers, LLP (PWC) does not oppose enforcement of the summonses, but its clients, the subject taxpayers, have cautioned it not to comply. Despite PWC's advice, however, the taxpayers have not sought to quash the summonses or intervene in this case. Because the summonses were issued for a legitimate purpose, seek relevant information, request information the IRS does not already possess, and fulfill all administrative requirements, *see United States v. Powell*, 379 U.S. 48, 57-58 (1964), and do not seek privileged information, the Court recommends that the petition be granted.

**I.     Background**

IRS Revenue Agent Delvin Fischer is examining the federal taxable income of Minnesota Diversified Products, Inc. (MDP) and the federal income tax liabilities of Benjamin and Nili Sachs for the tax years 2008 and 2009. Benjamin Sachs is the sole shareholder of MDP, and MDP's income tax liability passes through to his federal income tax return. Benjamin and Nili Sachs filed joint tax returns in 2008 and 2009.

Through Fischer's investigation, he learned that PWC prepared Forms 1120-S for MDP in 2008 and 2009 and Forms 1040 for the Sachses in 2008 and 2009. PWC retained possession of the books, records, papers, and other documents used in preparing those tax returns. On October 5, 2011, Fischer issued two IRS administrative summonses to PWC. One sought documents used in the preparation of the Sachses' Forms 1040 under examination, and the second requested documents used in the preparation of MDP's Forms 1120-S under examination. Fischer asserts the documents are relevant and necessary to his investigation of the federal taxable income of MDP and the federal tax liability of the Sachses. The summonses directed PWC to appear before Fischer on October 31, 2011, with the responsive documents. PWC declined to appear, based on correspondence from its clients.

Immediately after PWC received the summonses, it notified the Sachses. On October 13, 2011, Las Vegas attorney Robert D. Grossman, Jr. wrote to PWC, asserting he was the Sachses' tax attorney and stating that the materials sought by the summonses were privileged under 26 U.S.C. § 7525. Grossman threatened that PWC "disclose[s] confidential information at [its] peril." (Sherman Decl. Ex. 1, Mar. 29, 2012; ECF No. 6-1.) Grossman provided no basis on which to assert a privilege, however, nor did he identify any purportedly confidential documents. In response to Grossman's letter, PWC sent the Sachses copies of all responsive documents in its possession so that they could identify any privileged documents, move to quash the summonses, or seek to intervene in the case. PWC advised Grossman that if the taxpayers did not act, PWC would assume they had no objection to the summonses and would produce responsive documents. The Sachses did not take any of the suggested actions and, as PWC advised them, PWC now raises no objection to enforcement of the summonses, based on privilege or otherwise. In light of Grossman's letter, however, PWC asks for the protection of a court order requiring production.

**II.     DISCUSSION**

Before enforcing a summons issued by the IRS, a court must find that the summons (1) was issued for a legitimate purpose, (2) targets information relevant to that purpose, (3) requests information not already in the IRS's possession, and (4) satisfies all administrative steps under the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). PWC does not contest the validity of the summonses on any of these grounds, and Fischer's declaration establishes all of the required elements. The summonses were issued for the legitimate purpose of determining the correct federal taxable income of MDP and the correct federal income tax liability of the Sachses. The books, records, papers, and other requested documents are relevant to that purpose. With the exception of one audit report for the 2008 tax year, the IRS has not obtained the documents or information through other means. Lastly, Fischer was authorized to issue the summonses pursuant to 26 U.S.C. § 7602 and 26 C.F.R. § 301.7602-1 and there is no indication the summonses do not comply with any administrative requirements.

As for the issue of privilege, PWC does not assert that the documents are privileged, nor have the Sachses moved to quash the summonses or intervene in this action to assert a privilege. As the proponents of the privilege, the Sachses have the burden to establish it. *See In re Grand Jury Proceedings*, 791 F.2d 663, 666 (8th Cir. 1986) (discussing attorney-client privilege). Thus, to the extent any privilege existed, the Court finds it has been waived.

Moreover, even if the Sachses had properly asserted a privilege, it would not apply to the documents under consideration. While communications between taxpayers and certain tax practitioners are protected "to the extent the communication would be considered a privileged communication if it were between a taxpayer and an attorney," 26 U.S.C. § 7525, none of the documents sought by the summonses fall within this definition. Information provided for the

3

purpose of preparing a tax return is not privileged, *United States v. Lawless*, 709 F.2d 485, 488 (7th Cir. 1985), nor are communications between the preparer and client for the simple purpose of preparing the return, *United States v. KPMG, LLP*, 316 F. Supp. 2d 30, 35 (D.D.C. 2004) (citing *United States v. KPMG, LLP*, 237 F. Supp. 2d 35, 39-40 (D.D.C. 2002)). Here, the documents sought by the summonses consist of workpapers and factual data provided by the Sachses for the purpose of preparing the tax returns. There is no indication that the documents contain confidential tax advice or other communications.

## III.   RECOMMENDATION

The IRS summonses were issued for a legitimate purpose, seek relevant information, request information the IRS does not already possess, and fulfill all administrative requirements. Furthermore, the requested documents are not privileged, and any claim of privilege has been waived. Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.   The United States of America's Petition to Enforce IRS Summons (ECF No. 1) be **GRANTED**;

2.   PWC be directed to obey fully the Sachs and the MDP summonses at a time and place set by Fischer or any other IRS officer or employee; and

3.   **JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: April 13, 2012

       s/ *Jeanne J. Graham*
       JEANNE J. GRAHAM
       United States Magistrate Judge

## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 30, 2012**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.